RUSSELL H. WILDE, PLAINTIFF, v. ELIZABETH ANN WILDE, A/K/A ELIZABETH ANN DUNCAN, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided October 10, 1962.

*Mr. Reuben P. Goldstein,* attorney *pro se.*

*Messrs. Richman & Berry,* attorney for defendant (*Mr. Edwin T. Ferren, III,* appearing).

HERBERT, J. S. C.   During earlier stages of this case Reuben P. Goldstein was attorney for the defendant, Elizabeth Ann Wilde.   In an effort to collect an unpaid bill for legal services and disbursements he is now claiming an attorney's lien, and for the purpose of collecting it is following the procedure suggested in *H. & H. Ranch Homes, Inc. v. Smith*, 54 *N. J. Super.* 347, 353 (*App. Div.* 1959).   It will be obvious from the title which appears above that Mr. Goldstein's claim is being asserted in the same cause in which the services were rendered.

Initially Mr. Goldstein stated his position in an affidavit which made no mention of any agreement with his client for legal fees and disbursements to be charged against certain property involved in the main case.   His claim of lien, as thus stated, was challenged by the present attorneys for Mrs. Wilde on the ground that her position had been entirely defensive, with no affirmative cause of action having been asserted and no recovery had.   Although contending that his claim was valid, Mr. Goldstein then asked for and was given leave to amend.   He has now done so by filing an amendment containing the allegations, among others, that he "was retained to represent the defendant under an agreement wherein and whereby he was to be paid the reasonable value of his services, and it was further expressly understood and agreed" that real estate at Holmdel, New Jersey and money on deposit in Newark "were to be used for the payment of the services rendered * * * with the property involved in the action expressly made subject to such claim and to the satisfaction and payment of such services."

A few words about the litigation between Mr. and Mrs. Wilde will suggest the meaning in which the phrase "property involved in the action" should be read.   A principal objective of Mr. Wilde, the plaintiff in the main case, had been to impress a resulting trust upon the Holmdel real estate.   Another objective was to obtain the return of moneys allegedly belonging to him, but on deposit in the name of Mrs. Wilde.   The Chancery Division impressed the trust on

the real estate and also held that Mr. Wilde was entitled to have a portion of his monetary claim honored. However, when Mr. Goldstein took the case to the Appellate Division on behalf of his client Mrs. Wilde the judgment was reversed as to the Holmdel real estate, leaving the legal title in Mrs. Wilde free of the trust which Mr. Wilde had sought to impress.

The defendant has now moved to dismiss the amended lien claim contending that (a) Mr. Goldstein is not holding papers or other things of value under a retaining lien; (b) there can be no charging lien here, either by statute or at common law, because the services rendered were solely for the purpose of defending the client's position; (c) authorities cited by Mr. Goldstein in support of an equitable lien based on an agreement to charge particular property with an attorney's fee do not justify a proceeding in the cause in which the attorney's services were rendered; and (d) the statute of frauds bars a lien upon real estate where the agreement relied upon was oral.

Although this matter comes up as a stage in the main case rather than by a separate suit, its form will not justify summary treatment except in a case which is so clear as to require no trial. *Fuessel v. Cadillac Bar Corp.,* 63 *N. J. Super.* 430, 435 (*App. Div.* 1960). After considering the various points made on behalf of the defendant, I conclude that trial is called for.

If Mr. Goldstein were asserting only what is called a charging lien, the force of the argument against him would have to be recognized. Our statute provides a lien for an attorney who has filed a complaint, a counterclaim or a cross-claim (*N. J. S.* 2A:13–5), and it is said that a successful defense of his client's title to realty or personalty will not, apart from statute or agreement, give the attorney a basis for claiming a lien. *St. John the Baptist Greek Catholic Church v. Gengor,* 124 *N. J. Eq.* 449 (*Ch.* 1938). Mr. Goldstein argues, however, that in prosecuting the appeal for his client he took an affirmative position and estab-

lished it successfully. Whether his success on appeal should or should not justify a common law charging lien is a subject that has not been briefed by either counsel, and even if that question stood alone, I would be reluctant to decide it on motion without more thorough consideration. And it does not stand alone; the amendment brought into the case the alleged express agreement to charge Mrs. Wilde's property with the cost of legal services. There is authority for the view that such an agreement will give an attorney an enforceable lien upon his client's property. *Mackall v. Willoughby*, 167 *U. S.* 681 (1897); *In re McCormick*, 14 *N. J. Misc.* 73, 182 *A.* 485 (*Orph. Ct.* 1936).

In the *McCormick* case a party interested in an estate for which the administratrix had filed an account retained an attorney to prosecute exceptions. There was an agreement that counsel fees would be paid from the distributive share to which the party taking the exceptions would be entitled. Prosecution of the exceptions resulted in an increase of the share. As between an attaching creditor of the exceptant and his attorney it was held that the share of the estate which had been attached was subject to an attorney's lien. The opinion points out that no statutory lien was available to the attorney, but holds that the agreement to charge the share with a counsel fee was a valid equitable assignment.

The *McCormick* case is also authority for judging a lien claim, based on an alleged agreement, in the same cause in which the services were rendered, just as our statute (*N. J. S.* 2A:13–5) by express language, permits liens falling within its scope to be determined in that way. Whether there was in fact an agreement here to make specified property subject to the cost of legal services and, if so, what the precise terms were, are questions that can be determined only after trial.

The claim of lien based on the alleged agreement has as its principal, if not its only practical object, the Holmdel real estate. There being no allegation that the agreement was in writing, the defendant argues that the statute of

frauds applies (*R. S.* 25:1–1 *et seq.*).  In response Mr. Goldstein contends that he gave full performance in reliance upon the agreement and should for that reason be relieved of the requirement that there be a writing.  He cites *Edwards v. Wyckoff Electrical Supply Co., 42 N. J. Super.* 236 (*App. Div.* 1956), which appears to support his position.

The points argued by the defendant do not justify a dismissal of the lien proceedings before trial.  The motion to dismiss is denied.